In the Matter of the Claim of JAMES S. SCHEPIS, Appellant, against GEO. H. GARLOCK & SON, as GARLOCK'S GARAGE, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions of the referee rendered April 13, 1937, May 11, 1940, April 12, 1941, and October 20, 1944, and from a decision of the · Workmen's Compensation Board, dated May 12, 1945, which denied to claimant further relief than had been granted to him. On August 29, 1931, claimant sustained accidental injuries while engaged in the regular course of his employment. On December 8, 1931, an award was made to the claimant for disability for seven and five-sixth weeks at $25 per week, covering the period from August 31, 1931, to October 24, 1931, amounting to $195.83. On November 5, 1936, claimant sustained injuries while engaged in his regular employment. He was again injured on January 17, 1937, while engaged in the course of his regular employment. The case was reopened after the second and third injuries, and various awards were made. Some of such awards were based upon total disability, some were based on partial disability. The proceedings dealing with the separate accidents were combined. Awards were based upon earnings at the time of the later accidents and were apportioned against the various employers and carriers in the following proportions: 40% against the employer and carrier at the time of the first accident, 40% against the noninsured employer at the time of the second accident and 20% against the employer and carrier at the time of the third accident. Serious conditions developed after the second and third injuries. Seven operations were performed. Several hearings were held and many reports submitted. Claimant insists that the conditions which developed after the second and third accidents should be attributed to the first accident and that compensation should be awarded accordingly. Claimant also insists that he should have been awarded compensation for total disability in several instances where he was awarded compensation for partial disability. The finding that claimant sustained an accidental injury while working for the second employer is questioned. Apparently it was not an accidental injury sustained in the course of such second employment. There is some evidence to justify the finding that the third alleged accident was the result of claimant's employment and was accidental in nature. Claimant is of Italian extraction and speaks English brokenly. For some reason he has been unable to keep an attorney. Apparently he does not understand their suggestions and theories or they do not gather what he believes should be done. We permitted the appeal to be argued upon the original record which consists of a great mass of forms, notices, decisions, evidence and various documents. He appeared personally to present the matter to the court. We gained little or no information from his discussion. We are including three copies of two documents, one a state-

ment of the financial claims and the other a chronological statement. We hope that the Workmen's Compensation Board will investigate these statements. There is a claim of three injuries. They all have to do with the hernia which resulted from the first accident in 1931. In the interest of justice the claimant should be given a further opportunity to present his claim to the board. Determination reversed and matter remitted to the Workmen's Compensation Board, without costs. All concur.